JAMES W. TOWE *vs.* THOMAS O. TOWE and others.

Where two witnesses were examined as to the condition and capacity of a supposed testator, neither of whom spoke positively as to the facts, and the Judge, in charging the jury, said : " When two witnesses of equal respectability and opportunities testify as to a fact, the one positively and the other uncertainly, the law gives the greater weight to the positive testimony." *Held,* that although this charge was not strictly applicable to the case, yet, as it was a repetition of a *truism,* it was not *calculated* to mislead a jury.

If a Judge should intimate an opinion upon the facts, in favor of one of the parties to a suit, that party has no reason to complain.

When a jury returns a verdict which is insensible and irresponsive to the issues, the Judge may, in his discretion, allow them to reform the same.

This was an issue, *devisavit vel non* tried before *Pool, J.,* Fall Term, 1871, of PASQUOTANK Superior Court.

A paper writing purporting to be the last will and testament of William Towe was offered for probate in solemn form.   A caveat was entered, issues made up and tried in the Superior Court.

A subscribing witness, Godfrey, was examined, who testified that he was sent for and wrote the will, that while writing, William Towe fell asleep, that he was aroused, the will was

finished, read over to him and attested by himself and another person. Witness could not say with certainty that William Towe was awake at the time when the attestation took place, thought he was. That he believed he was of good mind and memory. Markam, the other witness, testified that he did not believe the supposed testator was of sound mind and had capacity to make a will; that when he witnessed the will he *thought* the "decedent" was asleep. Much testimony was introduced on each side as to the capacity of the testator.

The Judge charged the jury "that when two witnesses of equal credibility, with equal opportunities, testify as to any particular fact, and one speaks positively and the other is uncertain, the law gives the greater weight to the positive testimony." Propounder excepted.

Caveators requested the Court to charge, "that a will must be attested in the presence of the maker, that presence meant not merely bodily presence, but that the party is in a conscious state and must be so situated that he could see the witness if he desired to do so. The Court so charged and counsel for propounder excepted. The jury retired, and after a short time returned and asked the Court if Godfrey swore positively that the decedent was of sound mind when he witnessed the will, or whether he said he was under that impression. The judge stated that counsel differed as to the language of the witness, and as his notes did not show the exact language, it was a question of fact for them to determine. The jury retired and in a few minutes returned the following verdict: "They find that they do not think William Towe was in a condition to dispose judiciously or properly of his property." The Clerk wrote the verdict upon his docket and read it to the Court and to the counsel, the counsel for the caveators immediately, and before the jury separated, asked that the jury might be permitted to reform their verdict and make it responsive to the issues. The Court told the jury that they might reform their verdict. The foreman said, they found

that the paper writing propounded was not the last will and testament of William Towe, to this the whole jury assented. The Court allowed the amendment to be made. Propounder excepted. Rule for new trial. Rule discharged. Judgment and appeal.

*Busbee & Busbee,* for propounder.
*Smith & Strong,* for caveators.

READ, J. One of the subscribing witnesses to the will, Godfrey, testified, "that he could not say with certainty that the testator was awake when the will was witnessed, but thought he was."

The other subscribing witness testified, "that the testator was asleep, he thought."

It would be difficult to determine which of these witnesses was most in doubt, and, certainly, neither of them was positive.

His Honor charged, "that when two witnesses of equal respectability, with equal opportunities, testify as to any particular fact, and one testifies positively, and the other is uncertain, the law gives the greater weight to the positive testimony."

This truism, although not precisely applicable, was not calculated to mislead, and we cannot see that it did mislead the jury, in regard to the fact of the testator's being awake at the time the will was attested.

One of the subscribing witnesses (Godfrey) testified also, "that he believed the testator was of sound and disposing mind and memory, and knew what he was doing."

The other subscribing witness testified "that he thought the testator was not of sound mind, and did not have capacity to make a will."

Here again the witnesses, both alike, express only their opinion ; and neither is more positive than the other. So that his Honor's charge could not have misled.

After the jury had retired for deliberation, they returned

into Court, and asked his Honor, " whether the witness, Godfrey, testified positively that the testator was of sound mind, or whether he said he was under that impression"? His Honor answered, that the counsel differed as to the language of Godfrey, and he had not taken a note of it, and left it with the jury to determine what he said.

The plaintiff insists that it appears from this, that the jury supposed that his Honor meant by his former charge to tell them that Godfrey had sworn positively. We do not see clearly that it does so appear; yet we think it probable that he did. Grant that he did, and then how stands the case? His Honor charged that the plaintiff's witness swore positively, and is to be believed rather than the defendant's witness, who swore dubiously; and the plaintiff objects to the charge! If it had been supposed that the Judge had intimated that the other subscribing witness had sworn positively that testator was not of sound mind, the plaintiff might have excepted with reason.

It may be proper to say, that capacity is seldom a matter to swear positively about. It is only in very decided cases that a witness can do more than express his opinion. In most cases, and probably in this case, only a bold witness would be positive. It is seldom, therefore, that the doctrine of affirmation and negation, and of positive and doubtful evidence, can have any application in questions as to the capacity of a testator. It was inapplicable in this case but we do not see that it could have done the plaintiff any harm.

There was nothing improper in the manner of recording the verdict.

There is no error.

PER CURIAM.                                    Judgment affirmed.